DURFEE, RESPONDENT, *v.* HARPER ET AL., APPELLANTS.

[No. 1,354.]

[Submitted February 27, 1899.  Decided March 29, 1899.]

*Appeal—Supersedeas—Corporations—Execution of Stock Certificate—Right to Vote Pending Appeal.*

Pursuant to Code of Civil Procedure, Sec. 1728, providing that a judgment directing the execution of any instrument cannot be stayed on appeal until such instrument is executed, and deposited in court to abide the judgment of the appellate court, the president of a corporation, on appealing from a judgment which directed him to execute and deliver to a certain person a certificate of a certain number of shares in the corporation, executed the certificate, and deposited it in court to abide the appeal, and then gave the *supersedeas* bond required to stay the execution. *Held*, that the person named in the certificate as the owner of the shares therein mentioned was not, during the pendency of the appeal, entitled to vote such shares at corporate meetings.

*Appeal from District Court, Granite County; Welling Napton, Judge.*

SUIT by F. M. Durfee against Joseph H. Harper and others for an injunction. From an order granting a preliminary injunction, defendants appeal. Affirmed.

*Durfee & Brown, E. W. Harney* and *E. B. Howell,* for Appellants.

*W. E. Moore, Josiah Shull, Sanders & Sanders* and *Toole, Bach & Toole,* for Respondent.

HUNT, J.—This is an appeal from an order of the District Court granting a preliminary injunction. It grows out of the decision in the cases just heretofore decided by this Court, wherein F. M. Durfee was plaintiff, and Joseph H. Harper, assignee, and others, were defendants, and wherein the Thompson Investment Company was plaintiff and F. M. Durfee defendant (*ante* page 354, 56 Pac. 582). After the Court had found in those actions that the Thompson Investment Company was entitled to have the stock transferred to it upon the books of the Sunrise Mining & Milling Company, it was ordered that F. M. Durfee, as president of the Sunrise Company, execute a certificate for the 265,400⅔ shares. Upon notice of appeal by the plaintiff in those suits, the certificate referred to was ordered deposited with the Clerk of the District Court. Thereafter, about January 14, 1899, the plaintiff herein brought this action to restrain the Thompson Investment Company from voting the said stock at the annual meeting of the Sunrise Company, to be held on January 20, 1899. In his

complaint, plaintiff set forth the proceedings in the suits referred to, in injunction and *mandamus*, together with the pleadings in said actions, and the decree of the court. He alleged the execution of the certificate, the deposit of the same with the clerk, and his appeal to the Supreme Court, together with the execution of an undertaking on appeal in the sum of $300, and a separate undertaking on appeal in the sum of $10,000, both of which undertakings were in compliance with the Code of Civil Procedure; the latter being designed to operate as a *supersedeas* in both of the suits referred to, which had been appealed. He also pleaded that notwithstanding said appeal the Thompson Investment Company threatened to vote said stock at the said annual meeting, and to elect a board of trustees. He prayed for an order restraining the Thompson Investment Company from voting the stock at the annual meeting referred to, and while suit to determine the ownership of the stock is pending, and for an order restraining the Sunrise Mining & Milling Company from receiving or counting any votes so attempted to be had on account of said stock. The order of injunction was in accordance with the prayer.

We think the District Court committed no error in granting plaintiff's application for a preliminary injunction. The judgment appealed from in the actions referred to in the foregoing statement directed the execution of a certificate for $265,400\frac{2}{3}$ shares of the stock of the Sunrise Mining Company to the Thompson Investment Company. Section 1728 of the Code of Civil Procedure was thereafter complied with by Durfee's depositing an executed certificate of shares with the clerk, with whom the judgment was entered, to abide the judgment of this Court. The appeal was perfected as provided by the Code. Thereupon all further proceedings in the District Court upon the judgment appealed from, and upon the matters embraced therein, were stayed. The principal matter embraced in the judgment was the ownership of the stock represented by the certificate in the clerk's hands. The object of the law in requiring an executed certificate to be deposited with that official was to preserve the rights of parties until it might be

determined by this Court who owned the stock; and until such determination there could be no delivery of it, and no exercise of ownership by using those incidental rights dependent upon the decision of this Court as to the ownership. A contrary ruling would oftentimes make a stay of execution by appeal valueless; for it would not stop the doing of acts to prevent which the suit may have been brought, and which, if done, are equivalent to the·possession of all that the lower court may have awarded the successful party. The effect, in turn, would be to make an appeal useless, for the execution of the judgment and matters necessarily affected thereby would not have been stayed as the law says they shall be.

The order appealed from is affirmed. Remittitur forthwith.

*Affirmed.*

PIGOTT, J., concurs. BRANTLY, C. J., disqualified.